United States District Court
Southern District of Texas

**ENTERED**
July 08, 2025
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| YONEDA SANDERS, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. H-23-4012 |
| | § | |
| BLOCK BUILDERS, LLC, et al., | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND OPINION**

A construction company, Block Builders, put up temporary fencing and signage at a construction site. Yoneda Sanders was driving on the street next to the site when she hit another vehicle. She alleges that the fencing and signage obstructed her view of oncoming traffic and caused the collision. (Docket Entry No. 1-1). She asserts negligence and seeks damages for medical expenses, physical pain and suffering, physical impairment, and lost wages. (*Id.* at 3).

Block Builders removed to federal court and moved for summary judgment, arguing that the temporary fencing and signage around the construction site did not pose an unreasonable risk of harm to Sanders that was foreseeable to Block Builders; that Sanders cannot show that the fencing and signage proximately caused the collision and damages; and that Sanders was at least 50% responsible for causing the collision. (Docket Entry No. 36). Each argument is considered below.

### I.    Background

Block Builders was hired to build a multi-family development in Houston, Texas. (Docket Entry No. 36 at 4). Block Builders obtained the required permits from the City of Houston to

temporarily block street parking around the construction site. (*Id*.). Block Builders hired third-party defendant Buyers Barricades Houston, LLC, to block the street from parked cars under the Roadway Obstruction permit. (*Id*.). Another third-party defendant, American Fence Company, Inc., contracted with Block Builders to install temporary fencing at the site. (*Id*. at 5).

Sanders claims that on November 17, 2021, around 7:15 a.m., she stopped at a stop sign near the site and then proceeded into the intersection, where she hit an oncoming vehicle. (*Id*.) Sanders alleges that she stopped three times but still did not see the oncoming vehicle. (*Id*.). Sanders received a ticket for failing to stop at the stop sign. (*Id*.)

## II.    The Legal Standard

"Summary judgment is appropriate where 'the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Springboards to Educ., Inc. v. Pharr-San Juan-Alamo Indep. Sch. Dist.*, 33 F.4th 747, 749 (5th Cir. 2022) (quoting FED. R. CIV. P. 56(a)). "A fact is material if it 'might affect the outcome of the suit.'" *Thomas v. Tregre*, 913 F.3d 458, 462 (5th Cir. 2019), *as revised* (Jan. 25, 2019) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "A factual dispute is genuine 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Id.* (quoting *Anderson*, 477 U.S. at 248). When considering a motion for summary judgment, the court "must consider all facts and evidence in the light most favorable to the nonmoving party" and "must draw all reasonable inferences in favor of the nonmoving party." *Ion v. Chevron USA, Inc.*, 731 F.3d 379, 389 (5th Cir. 2013).

The moving party "always bears the initial responsibility of informing the district court of the basis for its motion" and pointing to record evidence demonstrating that there is no genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *see also* FED. R. CIV.

P. 56(c). "When 'the non-movant bears the burden of proof at trial,' a party moving for summary judgment 'may merely point to the absence of evidence and thereby shift to the non-movant the burden of demonstrating by competent summary judgment proof that there is a dispute of material fact warranting trial.'" *MDK S.R.L. v. Proplant Inc.*, 25 F.4th 360, 368 (5th Cir. 2022) (alteration adopted) (quoting *Nola Spice Designs, L.L.C. v. Haydel Enterprises, Inc.*, 783 F.3d 527, 536 (5th Cir. 2015)).

"Once the moving party has initially shown that there is an absence of evidence to support the non-moving party's cause, the non-movant must come forward with specific facts showing a genuine factual issue for trial." *Houston v. Tex. Dep't of Agric.*, 17 F.4th 576, 581 (5th Cir. 2021) (quotation marks and quoting reference omitted). "[A] party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence." *Jones v. Gulf Coast Rest. Grp., Inc.*, 8 F.4th 363, 368 (5th Cir. 2021) (quotation marks and quoting reference omitted). Rather, the nonmovant "must identify specific evidence in the record and articulate the precise manner in which that evidence supports [its] claim." *Shah v. VHS San Antonio Partners, L.L.C.*, 985 F.3d 450, 453 (5th Cir. 2021) (alteration adopted) (quotation marks and quoting reference omitted).

The movant is entitled to judgment as a matter of law when "the nonmoving party has failed to make a sufficient showing on an essential element of [its] case with respect to which [it] has the burden of proof." *Celotex Corp.*, 477 U.S. at 323. But "[i]f 'reasonable minds could differ' on 'the import of the evidence,' a court must deny the motion." *Sanchez v. Young County*, 956 F.3d 785, 791 (5th Cir. 2020) (quoting *Anderson*, 477 U.S. at 250–51).

### III.    Analysis

The elements of a common-law negligence claim are: (1) a legal duty; (2) a breach of that duty; and (3) damages proximately resulting from the breach. *Elephant Ins. Co., LLC v. Kenyon*, 644 S.W. 3d 137, 144 (Tex. 2022).   "The threshold inquiry in a negligence case is duty," which "encompasses several questions of law: the existence, scope, and elements of a duty." *Elephant Ins. Co.*, 644 S.W. 3d at 144.

Block Builders argues that Sanders has failed to present evidence that Block Builders breached a legal duty it owed Sanders. (Docket Entry No. 36 at 5).  Block Builders argues that Sanders has presented no evidence raising a factual dispute material to determining whether it was reasonably foreseeable to Block Builders that the temporary fencing and signage posed an unreasonable risk of harm to drivers near the construction site, such as Sanders.  (*Id.*).  Block Builders cites *Fetty v. Miller*, 905 S.W.2d 296 (Tex. App.—San Antonio 1995, writ denied). In that case, the plaintiff approached a stop sign and proceeded onto the roadway without stopping. She hit an oncoming vehicle that had the right of way.  *Fetty*, 905 S.W.2d at 298.  The plaintiff claimed that her view of the oncoming vehicle was blocked by two trucks that the defendant had parked on his front lawn.  *Id.*  The court held that the defendant property owner had not breached a legal duty owing to the plaintiff, because the owner could not reasonably foresee that his vehicles, parked on his own property, would pose an unreasonable risk of harm to drivers on the adjacent roadway.  *Id.* at 301-02.  The court granted summary judgment to the defendant property owner. *Id.*

Sanders argues that summary judgment is not appropriate at this stage because additional discovery is needed on whether Block Builders failed to properly maintain the barriers or fencing. (Docket Entry No. 41 at 6).  Sanders also argues that the present record reflects a factual dispute

material to determining whether the barriers and fencing were properly placed and maintained. (*Id.* at 7). She cites deposition testimony from Block Builders's assistant site manager, Aaron Leondar, stating that while he did not directly recall any other accidents at the job site, he had been told that there may have been two prior accidents. (*Id*. at 8; Ex. G at 70:20-71:11).

The court agrees that viewing the evidence in the light most favorable to Sanders, there is no dispute of genuine material fact that Block Builders breached a reasonably foreseeable duty to Sanders. The only evidence that Sanders offers to show the existence of a factual dispute is Leondar's deposition testimony that there were two "incidents" of collisions near the job site that someone at Block Builders "mentioned" to him. The record contains no indication that those collisions occurred because the signage and fencing obstructed a driver's view, or were otherwise similar to the incident that Sanders alleges. Leondar's testimony does not create a genuine issue of material fact, and Sanders proffers no other evidence to prove this required element of her negligence claim.

Next, Block Builders argues that Sanders's negligence claim fails as a matter of law because no act by Block Builders was the proximate cause of Sanders's damages. (Docket Entry No. 36 at 7). Under Texas law, "[n]egligence requires a showing of proximate cause. …" *Union Pump Co. v. Allbritton*, 898 S.W.2d 773, 775 (Tex. 1995), *abrogated on other grounds by Ford Motor Co. v. Ledesma*, 242 S.W.3d 32 (Tex. 2007). "Proximate cause consists of both cause in fact and foreseeability." *Id*. "Cause in fact means that the defendant's act or omission was a substantial factor in bringing about the injury which would not otherwise have occurred." *Id.*

Block Builders points to record evidence that Sanders stopped at the intersection, and then pulled forward twice more to get a better view of oncoming traffic. (*Id.* at 8). Block Builders cites to photos, including one taken by Sanders from inside her vehicle, that shows that while Sanders

was at her second "stop" before entering the intersection, she had an unobstructed view of the intersection and could clearly see oncoming traffic. (*Id.* at 8-10). Block Builders argues that because of this, Sanders's accident could not have been caused by Block Builders's fencing or signage blocking Sanders's sight of oncoming traffic. (*Id.* at 13). Instead, Sanders's injuries resulting from her collision with another driver were caused by her failure to properly stop at the stop sign and yield way.

Sanders argues in her response to the motion that Block Builders's allegations in its third-party complaint against Buyers Barricade constitute competent summary judgment evidence showing that Block Builders's negligence caused her injuries. (Docket Entry No. 41 at 6). She argues that because Block Builders alleged that Buyers Barricades assembled the barriers at issue "in a not reasonable manner that did not comply with Block Builders's standards," Block Builders negligently maintained the construction site such that it obstructed Sanders's view and caused her accident. (*Id.* at 7). But "[a] complaint is not evidence of the facts that are there alleged." *Turner v. Cincinnati Ins. Co.*, 9 F.4th 300, 315 (5th Cir. 2021). Pleadings, including Block Builders's third-party complaint, are not competent summary judgment evidence.

Sanders also asserts that her own deposition testimony—stating that her view was obstructed to the left by a green barricade and she could not see the intersection as a result—is sufficient to create a genuine dispute of material fact. (*Id* at 7-8). But Sanders's self-serving deposition testimony is contradicted by evidence in the record showing that she had a clear view of oncoming traffic at the second point at which she stopped. Because her testimony is contradicted by the record evidence, it is insufficient to create a genuine dispute of material fact.

Aside from the allegations in the third-party complaint and her own deposition testimony, Sanders also presents an expert report. (*Id.* at 7; Docket Entry No. 41-4). The expert, William C.

6

Stein, compared the conditions at the site before and after Block Builders began construction. He concluded that "[w]hen the driver was looking in the direction of oncoming traffic on 5/17/2019, there were obstacles that hindered her from getting a proper view enabling her to safely pullout from Jackson St. onto Grey Street. The most obstructive were the fencing and the Type III barricades." (Docket Entry No. 41-4 at 6). Block Builders counters that Sanders's proffered expert testimony does not create a material dispute of fact because it "fails to analyze whether Plaintiff's view was obstructed from the points at which Plaintiff actually stopped." (Docket Entry No. 42 at 3). The court agrees. Stein's general contentions that Sanders's view was obstructed as she pulled out into the intersection does not rebut the photographic evidence that, at the time that Sanders stopped for the second time, her view of the intersection was unobstructed.

Block Builders finally argues that Texas law bars recovery where, as here, a plaintiff's contributory negligence or comparative negligence is at least 50% responsible for causing the plaintiff's injury. (Docket Entry No. 36 at 14). Block Builders points to the fact that the record is undisputed that the investigating officer attributed the crash to Sanders's failure to stop at the stop sign, and that Sanders received a citation for her failure to stop. (*Id*; Ex. 3). Under Texas law, a driver is required to stop and yield the right of way at a stop sign. *See* Tex. Transp. Code §§ 544.010, 545.151. And when a driver "fails to exercise reasonable care ... that person has breached his or her duty." *Obregon v. United States*, No. 5:17-CV-30, 2018 WL 6179507, at *3 (S.D. Tex. Nov. 27, 2018), *aff'd*, 791 F. App'x 458 (5th Cir. 2019). Block Builders argues that by failing to stop at the stop sign, thereby violating Texas traffic laws, Sanders's own actions were substantially the cause-in-fact for her accident. (*Id.* at 15-16).

"Under Texas law, a plaintiff's contributory or comparative negligence bars recovery if he is 50 percent responsible." *Singleton v. United States*, No. CIVA H-07-1325, 2008 WL 4560608, at

*4 (S.D. Tex. Oct. 8, 2008).  Sanders denies that she is 50% at fault for her injuries, pointing to her deposition testimony that the traffic ticket for her violation was never turned in and the court officer informed her that she had no reason to appear for court.  (Docket Entry No. 41 at 5; Ex. H at 47:7-15).  That testimony is not competent summary judgment evidence, as it is inadmissible hearsay.  And Sanders does not dispute that she ran the stop sign, thereby breaching her duty of care.  Even if Block Builders negligently maintained the traffic site, "[b]ecause Plaintiff running the stop sign was both the accident's cause-in-fact and the injury was a foreseeable consequence of it, running the stop sign was the proximate cause of Plaintiff's injuries." *Id.*  Block Builders has shown that Sanders was both negligent, and that her negligence was the proximate cause of her injuries.  Sanders cannot recover under Texas contributory and comparative liability law. *See also*, *Massey v. United States*, No. H-19-2030, 2020 WL 4451036, at *4 (S.D. Tex. Aug. 3, 2020) (Rosenthal, J.) (granting summary judgment in favor of the defendants where the proximate cause of the plaintiff's injuries while riding her bicycle was her disregard of a stop sign, making her more than 50% responsible for the accident that occurred when her bicycle collided with a traveling vehicle at an intersection).

## IV.    Evidentiary Issues

Block Builders has also filed objections to essentially all of the evidence that Sanders relies on in her response to the motion for summary judgment.  (Docket Entry No. 43).  Because, as discussed above, the court has found that Sanders has failed to present competent summary judgment evidence as to each element of her negligence claim, the court need not consider Block Builders's specific objections.  The objections to the plaintiff's summary judgment evidence, (Docket Entry No. 43), are denied as moot.

## V.    Conclusion

The defendant's motion for summary judgment, (Docket Entry No. 36), is granted. Final judgment will be separately entered.

SIGNED on July 8, 2025, at Houston, Texas.

_____
Lee H. Rosenthal
Senior United States District Judge